UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREG HARRIS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-349-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Greg Harris, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-5-333) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assault on staff in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with a loss of 1,349 days of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Harris argues that he is entitled to habeas relief due to excessive sanctions and improper bias. He also represents that his only effort to appeal the disciplinary hearing consisted of informing the Warden that he assaulted staff because they refused to protect him from other inmates. ECF 1 at 2. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. To avoid procedural default," a habeas petitioner must fully and fairly present his

federal claims to the state courts." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Harris did not pursue an administrative appeal with respect to his habeas claims, the court cannot grant habeas relief, and the habeas petition is denied.

If Harris wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Greg Harris leave to proceed in forma pauperis on appeal.

SO ORDERED on May 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT